UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PORFIRO CAMACHO ALEJO, A-246-057-098,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No.  1:26-cv-01562-DC-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Pending before the court is petitioner's petition for writ of habeas corpus, in which petitioner, a noncitizen alien, challenges his detention under 28 U.S.C. § 2241.  ECF No. 1.  For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

Petitioner initiated this action, through counsel, on February 24, 2026.  ECF No. 1.  In his petition, petitioner alleges that he is a noncitizen who entered the United States in 1994.  ECF No. 1 ¶ 44.  He was detained by the Department of Homeland Security (DHS) on December 30, 2025, on the charge that he has violated 8 U.S.C. §§ 1182(a)(6)(A)(i).  *Id*. at ¶¶ 2, 14, 45, 46, 48 & Ex. A.  Since that date, he has not been given a bond hearing before an Immigration Judge, as respondents have taken the position that petitioner is not entitled to one due to his being subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A).  *Id*. at ¶¶ 49, 61 & Ex. C ¶ 7.

Respondents timely filed a Return on March 18, 2026.  ECF No. 7.  In their Return, respondents do not dispute petitioner's factual allegations.  Per respondents, petitioner is a citizen

1

of Mexico who entered the United States on an unknown date, without having been admitted or paroled by an immigration officer.  ECF No. 7 at 2 & Ex. 1 at 2-3.  On December 30, 2025, petitioner was arrested pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), and respondents initiated removal proceedings under 8 U.S.C. § 1229a.  *Id*. at 2 & Exs. 1-2.  Respondents do not dispute that petitioner has not been given a bond hearing since his December 30, 2025 arrest, but assert that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(a).  ECF  No. 7.

Petitioner filed a Reply to respondents' Return on March 25, 2026.  ECF No. 8.  In it, he does not dispute the factual representations made by respondents in the Return.  *See id*.; *see generally* 28 U.S.C. § 2248.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law.  *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018).  The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence.  *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

In his petition, petitioner asserts four claims for relief, alleging that his detention violates the Immigration and Nationality Act (claim one) and the implementing regulations of same (claim two).  He also alleges that his detention without a bond hearing violates his rights to procedural due process under the Fifth Amendment (claim three).  Finally, he alleges that respondents are judicially estopped from detaining him under 8 U.S.C. § 1225(b)(2)(a) (claim four).  The undersigned finds petitioner has demonstrated his entitlement to relief on the first and third claims and recommends the writ be granted.

### 1.  Claim One: Violation of the Immigration and Nationality Act

Petitioner has shown by a preponderance of the evidence that his current detention is unlawful under the Immigration and Nationality Act.  *See* ECF No. 1 at 14-15; ECF No. 8 at 2-7. The thrust of petitioner's argument is that, by virtue of his having resided inside the United States for many years, his detention pending removal proceeding is governed by 8 U.S.C. § 1226(a).

2

ECF No. 1 at 7-15; ECF No. 8 at 2-7.  Respondents counter that petitioner is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(a), thus subjecting him to the mandatory detention provision codified at 8 U.S.C. § 1225(b)(2)(A).  ECF No. 7.

Respondents' position is unpersuasive.  As many courts have already concluded, respondents' argument fails as a matter of statutory construction.  *See Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *3 (E.D. Cal. Dec. 22, 2025) (collecting cases).  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  8 U.S.C. § 1225(b)(2)(A).  Respondents urge that "applicant for admission" and "an alien seeking admission" both be interpreted to include persons like petitioner, who have resided in the United States for many years at the time they were taken into detention.  This interpretation is untenable, however, because it "(1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025)); *see also Pardo Ruiz v. Warden of the Golden State Annex Detention Facility*, No. 1:26-CV-0976-DC-JDP, 2026 WL 764769, at *2 (E.D. Cal. Mar. 18, 2026) (concluding same); *Rugama v. Chestnut*, No. 1:25-CV-1918 AC, 2025 WL 3707234, at *4 (E.D. Cal. Dec. 22, 2025) (same); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8-12 (N.D. Cal. Sept. 12, 2025) (same); *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324-36 (W.D. Wash. 2025) (same).  Instead, petitioner has demonstrated that, because he is not an "applicant for admission" within the meaning of § 1225(a), he is subject to the detention provision set forth in § 1226(a).  *See generally Rodriguez*, 802 F. Supp. 3d at 1324-36.  As such, he is entitled to a custody redetermination hearing before an Immigration Judge at which he shall be released if he can show he is not a danger to the community or flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196-97 (9th Cir. 2022); 8 C.F.R. §§ 236.1(d)(1), 1003.19.  By depriving petitioner of this opportunity, respondents have violated his statutory rights under the Immigration and Nationality

Act.  *See, e.g.*, *Rodriguez*, 802 F. Supp. 3d at 1324-36; *Pardo Ruiz*, No. 1:26-CV-0976-DC-JDP, 2026 WL 764769; *Maradiaga Santos v. Warden of the Golden State Annex Detention Facility*, No. 1:26-CV-1497 DC AC, 2026 WL 836360, at *2 (E.D. Cal. Mar. 26, 2026); *Lopez v. Cruz*, No. 1:26-CV-00514 DAD SCR, 2026 WL 392346, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026).  On this claim, therefore, petitioner has demonstrated his entitlement to habeas corpus relief and the undersigned recommends the writ be granted.

### 2.  Claim Two: Violation of 8 C.F.R. §§ 236.1, 1236.1, and 1003.19

In his second claim for relief, petitioner alleges his continued detention violates the federal regulations to which he is lawfully subject, viz., 8 C.F.R. §§ 236.1, 1236.1, and 1003.19.  ECF No. 1 at 15-16.  Respondents do not dispute these allegations specifically, but rather rely on their statutory argument, described *ante*.  ECF No. 7.

The undersigned finds that petitioner has not shown that he is entitled to habeas corpus relief solely for respondents' violations of the specified regulations, as distinct from violations of the underlying statute and from violations of his constitutional due process rights.  Under 28 U.S.C. § 2241, petitioner is entitled to habeas corpus relief if he shows "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  Whether or not a federal agency's regulations are considered "laws" of the United States, such that the agency's violation of them can give rise to habeas corpus relief, relies on the particular regulation in question and whether Congress indicated its intention to delegate its authority to the agency on the issues encompassed by the relevant regulation.  *See United States v. Mead Corp.*, 533 U.S. 218, 231-32 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012).  Here, petitioner makes no showing that 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 have the force of law, such that respondents' violation of those provisions gives rise to relief under 28 U.S.C. § 2241.  *See* ECF Nos. 1, 8.  The undersigned is aware of no authority, in this Circuit or elsewhere, holding that these particular provisions have the force of law within the meaning of § 2241.

////

4

A federal agency's violations of its own regulations may give rise to other forms of relief. An agency's violation of its own regulations may indicate that its conduct violates the underlying statute that the regulations seek to implement. *See, e.g.*, *Lopez v. Cruz*, No. 1:26-CV-00514 DAD SCR, 2026 WL 392346, at *4 (E.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 1:26-CV-00514-DAD-SCR, 2026 WL 541942 (E.D. Cal. Feb. 26, 2026); *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *10 (N.D. Cal. Sept. 12, 2025). An agency's violation of its own regulations also may violate the petitioner's right to due process of law under the Fifth Amendment. *See, e.g., Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1209 (9th Cir. 2022); *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011); *Marshall v. Lansing*, 839 F.2d 933, 943 (3d Cir. 1988); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772 (N.D. Cal. 2019); *Ying Fong v. Ashcroft*, 317 F. Supp. 2d 398, 403-04 (S.D.N.Y. 2004), *amended on reconsideration in part*, No. 03 CIV. 7261 (AKH), 2004 WL 1348994 (S.D.N.Y. June 15, 2004); *Owdetallah v. Bondi, et al.*, No. CIV-25-1546-SLP, 2026 WL 691201, at *4 (W.D. Okla. Jan. 22, 2026), *report and recommendation adopted*, No. CIV-25-1546-SLP, 2026 WL 483648 (W.D. Okla. Feb. 20, 2026). Finally, an agency's failure to follow its own regulations may give rise to a cause of action under the Administrative Procedures Act. *See, e.g.*, *Torres v. United States Dep't of Homeland Sec.*, 411 F. Supp. 3d 1036, 1068 (C.D. Cal. 2019); *Innovation L. Lab v. Nielsen*, 342 F. Supp. 3d 1067, 1079 (D. Or. 2018). Petitioner, however, has not alleged any of these theories of relief in claim two. *See* ECF No. 1.

Accordingly, the undersigned finds that petitioner has failed to meet his burden to show that he is entitled to habeas corpus relief due to respondents' failure to adhere to the procedures set forth in 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, as alleged in claim two.

**3. Claim Three: Violation of Petitioner's Right to Due Process**

In claim three, petitioner alleges that his right to due process under the Fifth Amendment is violated by respondents' detention of him without a bond hearing. ECF No. 1 at 16. The undersigned concludes petitioner has demonstrated his entitlement to relief on this claim by a preponderance of evidence.

////

To determine whether detention violates a petitioner's Fifth Amendment procedural due process rights, courts weigh: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge. See* 424 U.S. 319, 335 (1976). For the reasons set forth in the District Court's December 2, 2025 Order in *Labrador-Prato v. Noem, et al.,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and December 14, 2025 Order in *Selis Tinoco v. Noem, et al.,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), petitioner has shown that he has a substantial protected liberty interest in his freedom from detention. *See* ECF No. 1 at 5, 13, 16; *see also Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, at 6 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-CV-01597-DJC-JDP, 2025 WL 3263897, at *3 (E.D. Cal. Nov. 23, 2025). Since petitioner's entry to the United States approximately thirty years ago, petitioner necessarily has developed "enduring attachments of normal life" legally indistinguishable from those experienced by a criminal parolee. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972); *see also Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6.

Petitioner also has demonstrated that the second *Mathews* factor weighs in his favor. Without an individualized bond hearing, "the risk of erroneous deprivation," *see Mathews*, 424 U.S. at 335, through petitioner's summary detention is considerable. Petitioner's detention is only justified if he poses a flight risk or a danger to the community. *See* 8 U.S.C. § 1226(a); *Zadvydas*, 533 U.S. at 690. Without an individualized bond determination by a neutral factfinder in order to determine whether his continued detention is legally justified, the risk of erroneous deprivation of petitioner's protected liberty interests is great. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5; *see also Demore*, 538 U.S. 510; *Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025

WL 1424382, at *5 (E.D. Cal. May 16, 2025).  Correspondingly, the probative value of the additional procedural safeguards petitioner seeks—a determination of petitioner's bond-worthiness based on individualized facts, by a neutral factfinder—is high.  *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4.

Petitioner also has shown that the third *Mathews* factor weighs in his favor.  "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  The effort and cost required to provide petitioner with procedural safeguards are minimal.  *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the undersigned finds respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before a neutral factfinder, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same.  Petitioner has thereby shown by a preponderance of evidence that his detention violates his rights under the due process clause of the Fifth Amendment, entitling him to relief on the third claim of his petition.

### 4. Claim Four: Judicial Estoppel

In his fourth claim for relief, petitioner argues that respondents are judicially estopped from applying 8 U.S.C. § 1225(b)(2)(A) to him, as that position is contrary to that taken by the Government in *Jennings v. Rodriguez*, 583 U.S. 281 (2018).  ECF No. 1 at 17.  The undersigned finds that petitioner has not shown his entitlement to relief on this theory.  Judicial estoppel is an equitable doctrine that "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase."  *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich,* 530 U.S. 211, 227 n.8 (2000)).  The Supreme Court has held that, although "the circumstances under which judicial

estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," there are three factors that "typically inform the decision whether to apply the doctrine in a particular case":

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled . . . A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 750-51 (internal citations and quotation marks omitted). The doctrine typically "bars only inconsistent positions taken by the same party in two different matters," but may also bar non-parties in privity with one of the original parties or a non-party whose interests are "so closely aligned" with the party to the earlier suit "as to be its virtual representative." *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 996 (9th Cir. 2012).

Here, petitioner argues that the Government previously represented, in oral argument before the Supreme Court in *Jennings*, 583 U.S. 281, that persons who have been in the United States longer than fourteen days would be detained under 8 U.S.C. § 1226(a), not § 1225(b)(2). ECF No. 1 at 17 (*citing Jennings v. Rodriguez*, No. 15-1204, Tr. of Oral Arg. at 7-8 (Nov. 30, 2016)). Although that position is plainly inconsistent with respondents' position in this case, meeting the first of the factors set forth in *New Hampshire,* 532 U.S. at 750, petitioner does not address any of the remaining factors set forth in that case, nor the question of respondents' privity with the petitioners in *Jennings. See generally* ECF Nos. 1, 8. As petitioner bears the burden to demonstrate his entitlement to relief, *see Sepulveda Ayala*, 794 F. Supp. 3d at 911, the undersigned concludes that petitioner has not met that burden on this claim.

### CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2) Respondents be ORDERED to provide petitioner a custody redetermination hearing consistent with 8 U.S.C. § 1226(a) no later than seven days from the date of the

8

District Court's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within seven days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2026

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE